## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIE JAMES WILLIAMS,
WILLIE MAE WILLIAMS,
CRISTOBALINA FERNANDEZ and
NERITZA CAIN, individually and on
behalf of all others similarly situated,

       Plaintiffs,   **CLASS ACTION**

v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Willie James Williams, Willie Mae Williams, Cristobalina Fernandez and Neritza Cain, file this Class Action Complaint, individually and on behalf of all others similarly situated, against Defendant, Universal Property & Casualty Insurance Company, and allege:

## INTRODUCTION

1. Pursuant to a standardized homeowners insurance policy with insureds like Plaintiffs, Universal must pay interest on claims it fails to pay within a certain timeframe. Universal fails to do so, breaching the insurance contract and leading Plaintiffs to bring this class action on behalf of themselves and thousands of other Universal insureds.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Willie James Williams ("W.J. Williams") is a resident of Miami-Dade County and a citizen of Florida.

3. Plaintiff Willie Mae Williams ("W.M. Williams") is a resident of Miami-Dade County and a citizen of Florida. W.M. Williams is the wife of W.J. Williams.

4. Plaintiff Cristobalina Fernandez ("Fernandez") is a resident of Miami-Dade County and a citizen of Florida.

5. Plaintiff Neritza Cain ("Cain") is a resident of Volusia County and a citizen of Florida.

6. Defendant, Universal Property & Casualty Insurance Company ("Universal"), is a Florida corporation.

7. <u>Subject Matter Jurisdiction</u>. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (i) the matter in controversy exceeds $5 million, exclusive of interest and costs; (ii) there are members of the proposed Class who are citizens of different states than Universal; and (iii) there are in the aggregate more than 100 members of the proposed class.

8. <u>Personal Jurisdiction</u>. This Court has specific personal jurisdiction over Universal pursuant to Section 48.193(1)(a), Fla. Stat., because Universal operates, conducts, engages in and carries on a business or business venture in this state; has an office or agency in this state; contracts to insure people, property or risk in this state at the time of contracting; and breached a contract in this state.

9. <u>Venue</u>. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this District, and because Universal is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

10. Plaintiffs purchased from Universal a residential property insurance policy for their respective homes (the "Policy").

11. The Policy contains a "Loss Payment" provision stating that if Universal does not pay or deny a claim within 90 days of receiving notice, then Universal must pay interest:

> 10. **Loss Payment**.
>
> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable upon the earliest of the following:
>
> **a.** Twenty (20) days after we receive your proof of loss and reach written agreement with you; or
>
> **b**. Sixty (60) days after we receive your proof of loss and:
>
> **(1)** There is an entry of a final judgment; or
>
> **(2)** there is a filing of an appraisal award or a mediation settlement with us.
>
> **c.** **Under Florida Statutes we are required to pay or deny an initial, reopened, or supplemental property insurance claim, within ninety (90) days of notice of such claim unless there are reasonable circumstances which prevent us from so doing.**
>
> Our failure to comply with this paragraph shall not form the sole basis for an action against us for breach of contract under this policy or for benefits under this policy.

(emphasis in text added). A copy of the Williams' Policy is attached as **Exhibit 1**, at 10-11 of Florida Special Provisions Endorsement. A copy of Fernandez's Policy is attached as **Exhibit 2**, at 23-24. A copy of Cain's Policy is attached as **Exhibit 3**, at 23-24.

12. Like the Policy, the statute it references, Section 627.70131(7)(a), Fla. Stat., provides that interest must be included with payments not made within 90 days of notice of loss. It further provides that if factors beyond an insurer's control reasonably prevent payment from being made within 90 days, then payment must be made within 15 days of those factors ceasing to exist. An insurer's failure to make payment within 15 days also requires the insurer to pay interest:

3

> Within 90 days after an insurer receives notice of an initial, reopened or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. . . . **Any payment of** an initial or supplemental claim or portion of such **claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment**, whichever is later, **bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim**. . . .

Fla. Stat. § 627.70131(7)(a).

13. The statute further provides that "The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy." The Policy's language prohibiting the contractual Loss Payment provision from "form[ing] the sole basis for an action against us for breach of contract" improperly alters the statute's language prohibiting *the statute* from "form[ing] the sole basis for a private cause of action."

14. On September 10, 2017, the Williams home was damaged by wind and water from Hurricane Irma. Fernandez's home suffered damage on August 21, 2019. Cain's home suffered damage on August 18 and 26, 2020. Plaintiffs each provided Universal with notice of an insurance claim seeking to cover the damage (the "Claim").

15. Universal acknowledged that each Plaintiff suffered an insured loss, but Plaintiffs and Universal failed to agree on the value of that loss.

16. The Policy contains an appraisal clause designed to resolve disputes as to the value of insured losses and to determine the amounts owed to the insured. In accordance with that clause, Plaintiffs' disputes with Universal each went to an appraisal panel.

17. On October 25, 2019, a panel issued an Appraisal Award to the Williamses of $63,879.85

18. On March 27, 2020, a panel issued an Appraisal Award to Fernandez of $13,613.66

19. On April 20, 2021, a panel issued Appraisal Awards to Cain of $42,029.73 and $20,585.84.

20. However, Universal failed to make payment of Plaintiffs' respective awards within 15 days of the award dates, and failed to pay Plaintiffs any interest on Plaintiffs' Claims.

21. Under Florida law, which applies to Plaintiffs' and all Class members' policies, even when there is a dispute as to the amount of a debt owed, once the debt is determined to be due, interest is allowed from the date the debt was due in accordance with the contract. This rule is applied to all contracts, including obligations owed under insurance contracts.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action individually and on behalf of others similarly situated as members of a proposed class of:

> All persons insured by a residential property insurance policy issued by Universal Property & Casualty Insurance Company who, since September 9, 2017, (1) gave notice of an initial or supplemental claim or portion of such claim for loss insured under the policy; (2) had the amount of loss payable on the claim determined by an appraisal process; (3) did not file suit on the claim; and (4) were paid by Universal Property & Casualty Insurance Company for the claim more than 90 days after it received notice of the claim or more than 15 days after the amount of the loss was determined by an appraisal award, whichever is later.

23. Excluded from the Class are Universal and its directors, officers and employees, and the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

24. This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, because it meets all the requirements of Rule 23(a)(1-4), including the numerosity, commonality, typicality and adequacy requirements, and it satisfies the requirements of Rule 23(b)(3), in that the predominance and superiority requirements are met.

25. <u>Numerosity</u>. The members of the Class are so numerous that joinder of all members is impracticable. Although Plaintiffs do not know the exact number of Class members as of the date of filing, Plaintiffs believe that there are more than 1,000 Class members throughout the United States.

26. <u>Commonality</u>. There are numerous questions of fact or law that are common to Plaintiffs and all the members of the Class. Common issues of fact and law predominate over any issues unique to individual Class members. Issues that are common to all Class members include, but are not limited to:

   a. whether Universal failed to timely pay Class members' insurance claims pursuant to the Policy's Loss Payment provision and the statute referenced in that provision;

   b. whether Universal breached the Policy by failing to pay interest to Class members; and

   c. the relief that should be afforded to Plaintiffs and the Class.

27. <u>Typicality</u>. Plaintiffs have claims that are typical of the claims of all members of the Class. Plaintiffs' Policy contained the same Loss Payment provision as the other Class members' policies. (Universal issues homeowner's insurance policies on standardized forms that are filed with the Florida Office of Insurance Regulation). Like the other Class members, Plaintiffs are owed interest under the Policy because Universal failed to timely pay Plaintiffs' claims.

28. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs do not have claims that are unique to Plaintiffs and not the other Class members, nor are there defenses unique to Plaintiffs that could undermine the efficient resolution of the claims of the Class. Further, Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in class action

litigation, to represent Plaintiffs. There is no hostility between Plaintiffs and the unnamed Class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

29. <u>Predominance</u>. Common questions of law and fact predominate over questions affecting only individual Class members. The only individual issues likely to arise will be the amount of damages recovered by each Class member, the calculation of which does not bar certification.

30. <u>Superiority</u>. A class action is superior to all other feasible alternatives for the resolution of this matter. Individual litigation of multiple cases would be highly inefficient and would waste the resources of the courts and of the parties. The damages sought by Plaintiffs and Class members are relatively small and unlikely to warrant individual lawsuits given the fees and costs, including expert costs, required to prosecute the claims.

31. <u>Manageability</u>. This case is well suited for treatment as a class action and easily can be managed as a class action since evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a classwide basis, while the allocation and distribution of damages to Class members would be essentially a ministerial function.

32. <u>Ascertainability</u>. Class members are readily ascertainable. The class members are identifiable from information and records in the possession, custody or control of Universal.

33. Plaintiffs have retained counsel to protect Plaintiffs' rights under the Policy.

34. All conditions precedent to this action have occurred or have been waived.

## **COUNT I: BREACH OF CONTRACT**

35. Plaintiffs incorporate the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiffs and Universal entered into a contract (the Policy) whereby Universal agreed to insure Plaintiffs' residence for losses covered under the terms of the Policy.

37. Plaintiffs suffered an insured loss and made a claim under the Policy.

38. On the date the Appraisal Award was issued, there were no longer factors beyond Universal's control that reasonably prevented it from making the claim payment owed to Plaintiffs.

39. Yet Universal failed to pay the principal amount owed to Plaintiffs pursuant to the Appraisal Award within 15 days of the Appraisal Award's issuance.

40. As a result of Universal's failure to timely pay, Plaintiffs were entitled to payment of interest as required by the Policy's Loss Payment provision and the statute referenced in that provision. But Universal breached the Policy by failing to pay Plaintiffs any interest at the rate set forth in Section 55.03, Fla. Stat., from the date Universal received notice of Plaintiffs' claims.

41. As a result of Universal's breach of the Policy, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, individually and on behalf of all Class members, respectfully demand judgment against Defendant, Universal Property & Casualty Insurance Company, for:

(a) Damages;

(b) Pre-judgment and post judgment interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 9, 2022

**RODRIGUEZ TRAMONT & NUÑEZ P.A.**

By: /s/ *Frank R. Rodriguez*
    Frank R. Rodriguez
    Florida Bar No. 348988
    Primary email: frr@rtgn-law.com
    Paulino A. Núñez Jr.
    Florida Bar No. 814806
    Primary email: pan@rtgn-law.com
    255 Alhambra Circle
    Suite 1150
    Coral Gables, FL 33134
    Telephone: (305) 350-2300
    Facsimile: (305) 350-2525

**KNECHT LAW GROUP**

    /s/ *Michael C. Knecht*
    Michael C. Knecht, Esq.
    658 W. Indiantown Road, Suite 211
    Jupiter, Florida 33458
    Phone: 561 745 2110
    Email: mck@mikeknecht.com
    susan@mikeknecht.com
    Florida Bar No: 475815

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

By: /s/ *Jason Kellogg*
    Jason K. Kellogg, P.A.
    Florida Bar No. 0578401
    Primary email: jk@lklsg.com
    Lawrence A. Kellogg
    Florida Bar No. 328601
    Primary email: lak@lklsg.com
    200 Southeast Second Avenue
    Miami Tower, 36th Floor
    Miami, Florida 33131
    Telephone: (305) 403-8788
    Facsimile: (305) 403-8789