## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-22890-Civ-WILLIAMS/TORRES

WILLIE JAMES WILLIAMS, WILLIE MAE WILLIAMS,
CRISTOBALINA FERNANDEZ and
NERTIZA CAIN, individually and on behalf
of all others similarly situated,

    *Plaintiffs*,

vs.

UNIVERSAL PROPERTY AND CASUALTY
INSURANCE COMPANY,

    *Defendant*.

_____/

## REPORT AND RECOMMENTION ON
## MOTION TO DISMISS CLASS ACTION COMPAINT

This matter came before the Court upon Defendant Universal Property and Casualty Insurance Company ("UPCIC")'s Motion to Dismiss the Class Action Complaint ("Motion") [D.E. 15.]  Plaintiffs Willie James Williams, Willie Mae Williams, Cristobalina Fernandez and Neritza Cain, individually and on behalf of all others similarly situated (collectively "Plaintiffs") filed a Response in Opposition (Resp.) [D.E. 21], and Defendant filed a Reply [D.E. 22.]  The Motion is now ripe for review.  For the reasons discussed below, it is recommended that the Court **GRANT** Defendant's Motion and **DISMISS** the action **WITH PREJUDICE.**

## I. BACKGROUND

On September 10, 2017, Plaintiff Williams's home was damaged by Hurricane Irma. [D.E. 1, at 4.] On August 21, 2019, Plaintiff Ferandez's home suffered damage. [Id.] And on August 18 and 26, 2020, Plaintiff Cain's home suffered damage. [Id.] These three properties were insured during these periods of time by Defendant UPCIC. So each named Plaintiffs provided UPCIC with notice of an insurance claim (the "Claim") seeking to cover their respective home damage. [Id.] UPCIC acknowledged Plaintiffs suffered insured losses but the parties failed to agree on the value of the loss in each case. So under the insurance policy's appraisal clause ("Policy"), Plaintiffs' disputes with UPCIC were submitted to an appraisal panel as prescribed by their respective policies.

On October 25, 2019, a panel issued an Appraisal Award to the Williamses of $63,879.85; on March 27, 2020, a panel issued an Appraisal Award to Fernandez of $13,613.66; and on April 20, 2021, a panel issued an Appraisal Award to Cain of $42,029.73 and $20,585.84. [Id., at 4-5.] However, Plaintiffs allege UPCIC failed to make payment of Plaintiffs' respective awards within 15 days of the award dates and failed to pay Plaintiffs any interest on Plaintiffs' Claims. [Id.] Plaintiffs aver that their Policy and Florida law require Defendant to include interest payments on any claims paid after 15 days. [Id.]

In their Complaint, Plaintiffs now seek damages for an alleged breach of their Policy with Defendant. [Id. at 8.] Plaintiffs allege that Defendant is in breach of its Policy's "Loss Payment" provision which incorporates Fla. Stat. Section

2

627.70131(7)(a). [Id. at 4] Plaintiffs aver that UPCIC "failed to make payment on Plaintiffs' respective awards within 15 days of the award dates, and failed to pay Plaintiffs any interest on Plaintiffs' Claims." [Id., at 5.] Plaintiffs' claim is premised on section 627.70131(7)(a) that mandates that "[a]n insurer's failure to make payment within 15 days also requires the insurer to pay interest" and so Plaintiffs have suffered damages as per this statute under the Policy's Loss Payment Provision. [Id., at 4, 8.]

## *II. LEGAL STANDARD*

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, a court must accept all the complaint's allegation as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnel*, 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

While a pleading need only contain a short and plain statement of the claim which articulates the pleader is entitled to relief, a plaintiff nevertheless carries the burden of showing "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (stating a complaint must contain enough facts to plausibly allege the required elements). Therefore, a pleading that solely

states "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). As such, a court must dismiss a claim if the claim doesn't cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

The pending motion relies on a simple premise: section 627.70131(5)(a) ("Subsection (5)(a)") does not include a private right of action for the recovery of unpaid interest alone, hence Plaintiffs' claim – that is entirely based on a claim of unpaid interest – must fail as a matter of law. Before turning to the statute and an analysis of the law, the Court briefly addresses an underlying dispute between the parties as to whether the relevant statute is Fla. Stat. Section 627.70131(7)(a) or 627.70131(5)(a). Resolution of this issue, however, is not dispositive.

Effective January 1, 2022, this section of Florida's insurance code was amended so that the language that had appeared in subsection (5)(a) now appears in subsection (7)(a). Regardless of any other changes to Section 627.70131, the language applicable to this case, regarding the preclusion of a private right of action, is identical in the two versions. Therefore, the analysis in this case is the same under either version of the statute. Because the claims all arose from pre-2022 actions, and Plaintiffs' Reply and Defendant's Response [D.E. 21 and 22] refer to the statute

4

mainly as "Fla. Stat. § 627.70131(5)," the Court will attribute the analysis of the merits of the issue as one that falls under subsection (5)(a) for purposes of this case.

With that out of the way, we turn to the relevant part of section 627.70131(5)(a) that reads:

> Any payment of an initial or supplemental claim…made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy…. Interest is payable when the claim or portion of the claim is paid. Failure to comply with this subsection constitutes a violation of this code. **However, failure to comply with this subsection does not form the sole basis for a private cause of action.**

Fla. Stat. § 627.70131(5)(a) (emphasis added).

Plaintiffs' theory of damages stems from the allegation that UPCIC failed to pay the Awards within fifteen days of the appraisal panels' decisions. Plaintiffs assume, as they must, that the panels' issuances of Awards eliminated any "factors beyond the control of the insurer which reasonably prevented such payment" and therefore argue that the Awards "bear[] interest…from the date the insurer receives notice of the claim." Plaintiffs contend that interest became payable after Defendant failed to pay the Awards within 15 days. Accordingly, Plaintiffs claim that UPCIC is in breach of Subsection (5)(a) and of the Policy itself (which incorporates the provisions of Subsection (5)(a) by explicit reference to the "Florida Statutes"). [D.E. 1, at 3.] Plaintiffs do *not* allege that UPCIC failed to pay the values of the appraisal Awards in full.

5

Drawing all inferences in favor of Plaintiffs' position, as the Court must, the language of Subsection (5)(a) still precludes their claim. The Subsection's final sentence explicitly states that: "failure to comply with this subsection does not form the sole basis for a private cause of action." Fla. Stat. § 627.70131(5)(a). Plaintiffs' sole cause of action is that UPCIC is in a breach of contract for failure to comply with Subsection (5)(a)'s "mandatory interest provisions" as "interest is allowed from the date the debt was due in accordance with the contract." [D.E. 1, at 5.] Plaintiffs' attempt to assert their claim as a "breach," as opposed to a violation of Subsection (5)(a), does not save it from the Subsection's bar of private causes of action.

Florida courts have repeatedly dismissed similar lawsuits on the basis of Subsection (5)(a)'s final sentence. In *State Farm Fla. Ins. Co. v. Silber*, a Florida homeowner sustained losses covered by their insurance policy and the claim went to appraisal. 72. So. 3d 286, 288 (Fla. 4th DCA 2011). The insured sued to confirm the appraisal award and to seek interest of $2,250.21 pursuant to Fla. Stat. § 627.70131(5). *Id.* The Fourth District Court of Appeal reversed the trial court's award of interest finding that the insured did not have a viable independent claim of interest pursuant to Fla. Stat. § 627.70131(5) because the insurer had paid the appraisal award in full. *Id.* at 290. There, as here, the only issue before the court was that of interest and that court held that subsection 627.70131(5) "specifically disavows its use as the 'sole basis for a private cause of action.'" *Id.* at 289. *See also Taylor v. State Farm Fla. Ins. Co.*, No. 16-2020-CA-004553, 2022 WL 3702075, at *1 (Fla. Cir. Ct. Aug. 11, 2022) (dismissing a breach of contract claim for unpaid interest under

Subsection 627.70131(5)(a) where, despite the contact's explicit incorporation of the statute, "the incorporated statute expressly prohibits a private right of action"); *Fla. Dry Solutions, LLC v. Sec. First Ins. Co.*, No. 2020-011196-CA-01, 2021 WL 1288710, at *1 (Fla. Cir. Ct. Mar. 28, 2021) ("[p]laintiff fails to state a cause of action because the sole basis of its claim [of breach] is the alleged violation of Fla. Stat. 627.70131(5)(a)"); *Shlager v. ASI Assur. Corp.*, 2015 WL 13273080 (Fla. 15th Jud'l Cir. Mar. 10, 2015) (finding no private right of action to seek interest under Fla. Stat. § 627.70131); (*Williams v. Federated Nat. Ins. Co.*, 15 Fla. L. Weekly Supp. 1015b (Fla. Palm Beach Cnty. Ct. Aug. 20, 2008) (dismissing breach of contract action seeking interest pursuant to § 627.70131(5)), *aff'd*, 16 Fla. L. Weekly Supp. 733b (Fla. 15th Jud'l Cir. (App.) June 15, 2009).

As a federal court applying Florida law, we are bound by the Fourth District's opinion absent a showing that the Florida Supreme Court would hold otherwise. As the Eleventh Circuit has commanded, "absent a decision by the highest state court or persuasive indication that it would decide the issue differently, we follow the decisions of intermediate appellate courts in applying state law. *This rule applies even where, as here, there is only one intermediate appellate decision.*" *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 965 (11th Cir. 2023) (cleaned up as to quotations from *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000)) (emphasis added).

Further persuasive support exists from two Southern District of Florida decisions entered in April 2023 that also followed the Florida state court's

7

interpretation of Fla. Stat. § 627.70131.  For instance, in *Barbato v. State Farm Fla. Ins. Co.*, plaintiff's home was damaged by Hurricane Irma and the damages amount went to an appraisal board.  No 1:22-cv-22891-KMM, 2023 WL 2959138, at *1 (S.D. Fla. Apr. 14, 2023).  The insured received an award, but the defendant did not pay that award within 15 days of its issuance.  The award was subsequently paid but did not include any interest.  The plaintiff alleged they "'were entitled to payment of interest as required by the Policy's Loss Payment provision and [Section 627.70131(5)(a)],' but did not receive that interest when Defendants paid the Award." *Id.*  The court found that "Subsection (5)(a) preclud[es] Plaintiffs' claim here" and dismissed the case with prejudice.  *Id.*, at *3, *4.  *See also Riley et. al. v. Heritage Prop. & Cas. Ins. Co.*, No. 22-22893-CIV, 2023 WL 2988847, at *2, 3 (S.D. Fla. Apr. 18, 2023) (dismissing the case with prejudice where the only facts plaintiffs "plead as forming the basis of their 'right to redress are the facts that would establish a violation of section [(5)(a)],'" and finding that "private causes of action solely seeking to enforce (5)(a)'s interest provision are barred.").

We join these District Court decisions and find that we are bound to follow the Fourth District Court of Appeals' binding conclusion that subsection (5)(a) precludes these plaintiffs' claims as well, because they rest entirely on a breach of contract theory arising only from the payment of interest provision.  And the class they purport to represent would suffer from the same infirmity.  All these claims fail as a matter of law.

Fearing that the Court would follow these decisions, and given the lack of contrary Supreme Court authority, Plaintiffs argue in the alternative that Defendant's reading of Subsection (5)(a) (as barring a private cause of action) nullifies, contrary to Florida law, the rest of the subsection so it cannot be followed. [D.E. 21, at 6.] However, it is not Defendant's interpretation of the statute that is faulty, it is Plaintiffs'. The last sentence of Subsection (5)(a), barring a private cause of action, is reflective of the legislature's intent for the provision to be enforced "as a part of a broader suit for benefits (i.e., where interest is not the 'sole basis' for the action)." *See Taylor*, 2022 WL 3702075, at *1. Furthermore, this Court in *Buckley Towers Condo., Inc. v. QBE Ins. Corp*, found that "the legislature did not intend to create any private cause of action against the insurer that is based merely upon a violation of [this] statute." 07-22988-CIV, 2008 WL 2490450, at *11 (S.D. Fla. June 18, 2008) (Torres, Mag. J.), *report and recommendation adopted*, 07-22988-CIV, 2008 WL 2856457 (S.D. Fla. July 24, 2008) (Moreno, J.).[1]

Finally, Plaintiffs implore the Court to read Subsection (5)(a) in conjunction with Fla. Stat § 627.418(1) in a way that would redeem their claim. Fla. Stat. § 627.418(1) reads in relevant part:

> Any insurance policy, rider, or endorsement otherwise valid which contains any condition or provision not in compliance with the requirements of this code shall not be thereby rendered invalid, except as provided in s. 627.415, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this code.

---

[1] *See also Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016) finding *Buckley*'s analysis of the relevant statute "instructive."

*Id.* Plaintiffs theorize that "The Florida Supreme Court has made clear that § 627.418(1) means what it says: '[P]rovisions in an insurance policy must be construed and applied to be in full compliance with the Florida Statutes.'" [D.E. 21, at 6] (quoting *Trinidad v. Fla. Peninsula Ins. Co.,* 121 So. 3d 433, 441 (Fla. 2013)). This general principle is undoubtedly true. But Plaintiff then wrongly concludes that section 627.418(1) acts to "incorporate" Subsection (5)(a)'s provision into the Policy and, because it it is so incorporated, subsection (5)(a)'s "sole basis" provision "does not prohibit an action by Plaintiffs to enforce the Policy." [D.E. 21, at 9-11.]

The Court does not find Plaintiffs' section 627.418 theory to be very persuasive. At best, Plaintiffs' Section 627.418 theory is just another way of couching the claim as a breach of contract generally, which as explained above yields no contrary result. But the fact is that this claim is more accurately described as purely one for interest solely under Subsection (5)(a).

The other reading of Plaintiffs theory is that Section 627.418 permits their claim because Subsection (5)(a) is inconsistent with itself. Even assuming this is as true, all Section 627.418 stands for is that "even if the policy contained a provision which *explicitly permitted* a standalone breach action here, the Court would not be able to enforce that provision because it would be non-compliant with Subsection (5)(a)." *Barbato*, 2023 WL 2959138, at *3. The Court agrees that Plaintiff, "[i]n an astonishing attempt to avoid the unambiguous language of § 627.70131(5)(a), attempt[s] to use Fla. Stat. § 627.418(1) to construct a non-existent cause of action." [D.E. 22, at 3.]

10

The Court finds that Subsection (5)(a), on its face, bars a private cause of action where, as here, the claim seeks recovery of interest, and interest alone. The complaint should thus be dismissed with prejudice.

### *IV. CONCLUSION*

UPON CONSIDERATION of the Complaint, Defendant's Motion to Dismiss, Plaintiffs' Response in Opposition, and Defendant's Response; and, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss [D.E. 15] be **GRANTED** and the action **DISMISSED WITH PREJUDICE.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the District Judge assigned to this case. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 4th day of May, 2023.

EDWIN G. TORRES
United States Magistrate Judge

**DONE AND ORDERED** in Chambers at Miami, Florida, this Xth day of May, 2023.

*/s/ Draft*
EDWIN G. TORRES
United States Magistrate Judge
