UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-22890-CV-WILLIAMS

WILLIE JAMES WILLIAMS, *et al.*,

    Plaintiffs,

v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation (DE 27) ("***Report***") on Defendant Universal Property & Casualty Insurance Company's ("***UPCIC***") Motion to Dismiss (DE 15) ("***Motion to Dismiss***"). In the Report, Chief Magistrate Judge Torres recommends that the Court grant Defendant's Motions to Dismiss and dismiss Plaintiffs'—Willie James Williams, Willie Mae Williams, Cristobalina Fernandez, and Neritza Cain—Complaint (DE 1), filed individually and on behalf of all others similarly situated (collectively "***Plaintiffs***"), with prejudice. (DE 27 at 1.) Plaintiffs filed Objections to the Report (DE 32), to which Defendant filed a Reply (DE 33).

In the Report, Chief Magistrate Judge Torres concludes that Plaintiffs' only claim for breach of contract, which seeks recovery solely for unpaid interest under Section 627.70131(5)(a),[1] Florida Statutes, fails because Subsection 5(a) precludes a private

---

[1] Section 627.70131 was amended in 2021 and Subsection (5)(a) was renumbered as Subsection (7)(a). However, the Parties do not dispute that the amendment had no

right of action for the recovery of unpaid interest alone. (DE 27 at 10–11.) In their Objections, Plaintiffs do not dispute that UPCIC had no express obligation to pay interest under the insurance policy, but they argue that UPCIC had an obligation to pay interest pursuant to Subsection 5(a) because Section 627.418(1), Florida Statutes, requires that insurance policies "not in compliance with the requirements of th[e] code . . . be construed and applied in accordance with" Florida's insurance code. Additionally, while Plaintiffs do not dispute that Subsection 5(a) expressly states that "failure to comply with this subsection does not form the sole basis for a private cause of action," Plaintiffs argue that their cause of action is not barred by Subsection 5(a) because Plaintiffs are suing for breach of the insurance contract not for breach of Subsection 5(a).

The Court is not persuaded by Plaintiffs' arguments. It would be "illogical for the interest-payment requirement of [Subs]ection (5)(a) to be imported into the policy, by operation of [S]ection 627.418(1), without also incorporating [Subs]ection (5)(a)'s private-cause-of-action bar." *Riley v. Heritage Prop. & Cas. Ins. Co.*, 2023 WL 2988847, at *3 (S.D. Fla. Apr. 18, 2023)[2]; *see also Barbato v. State Farm Fla. Ins. Co.*, 2023 WL 2959138, at *3 (S.D. Fla. Apr. 14, 2023) ("Plaintiffs try to use Section 627.418(1) to invalidate [Subs]ection (5)(a)'s last sentence, a position which the Court sees no legal backing for . . . the Court will not permit Plaintiffs' [sic] to use Fla. Stat. § 627.418(1) to

---

substantive effect on the statute or its applicability to this case. In the interests of clarity and consistency, the Court refers to Section 627.70131(5)(a) ("**Subsection 5(a)**") as the applicable statutory section throughout its discussion, while recognizing that the statutory section at issue is now codified at Section 627.70131(7)(a).

[2] Moreover, "Plaintiffs fail to point out any aspect of their [UPCIC] policies that are actually in conflict with Florida's insurance code" as to trigger the application of Section 627.418(1). *Id.*

construct a non-existent cause of action.") (internal quotations and citations omitted). Additionally, as Defendant points out, Plaintiffs' attempt to distinguish between suing for non-compliance of Subsection 5(a) and suing for breach of contract based on a violation of Subsection 5(a) is a "distinction without a difference." (DE 33 at 8); *see also Barbato*, 2023 WL 2959138, at *2 (rejecting this same argument and stating, "merely couching their claim as 'breach' does not save it"). Accordingly, because Plaintiffs' cause of action is based solely on UPCIC's alleged failure to comply with Section (5)(a)'s interest-payment requirement, their claim is barred.

Upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 27) is **AFFIRMED AND ADOPTED**.
2. Defendant's Motion to Dismiss (DE 15) is **GRANTED**.
3. Plaintiffs' Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE** this case. All deadlines are **CANCELED**. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 1st day of June, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE